UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LYNETTE BRANDT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 20-2261-JBM |
| | ) |
| NURSE SHELLY, et al., | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under 42 U.S.C. § 1983 alleging a variety of constitutional violations at the Vermilion County Jail ("Jail"). The Court is required under 28 U.S.C. § 1915A to "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. In reviewing the complaint, the court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

Plaintiff has filed a scattershot complaint alleging various unrelated claims which occurred at the Jail "[b]etween 2018-2020." Plaintiff alleges that on an unidentified date she was placed on 72 hours lockdown for threatening an inmate. She claims, however that Defendant Officer Bernardi did not release after 72 hours and kept her there for nine days. During the

lockdown she requested a shower and Defendant Sgt. Walworth allegedly called her a "nasty bitch."

Plaintiff also claims that water leaked into her cell and that she wrote grievances to Defendant Osterberg, without a response. On an unidentified date, Plaintiff fell due to the accumulated water. Plaintiff claims that she laid on the floor for 10 hours and that Defendants Bernardi and Powell saw her on the floor but did not help her or provide her medical treatment. She does not, however, identify any injury for which medical treatment was needed. Plaintiff also claims that Defendant Sgt. Powell ridiculed her for filing grievances.

On another unidentified date, a nurse gave Plaintiff Naproxen when she had requested Tylenol. Plaintiff claims she is allergic to Naproxen and broke out in hives. She also claims, without explanation, that a nurse denied her medication, not indicating what medication she was denied. Further, it is not clear whether the nurse who gave her the Naproxen is the same nurse who denied her the medications or whether this is a different individual.

Plaintiff claims, without detail, that she was denied mental health treatment. She also claims that she was held in a padded cell for five days. During this time, an unidentified number of Doe Defendants refused her requests to use the bathroom. Plaintiff also claims that on an unidentified date, Defendant Hobbs placed her in cell with a non-flushing toilet where she was forced to eat her meals.

## ANALYSIS

A plaintiff may join several defendants in one suit only if all claims arise out of a single transaction and contain a question of fact or law common to all the defendants. Fed.R.Civ.P. 20(a); *Davis v. Harding*, 12-cv-559, 2013 WL 6441027, at *2 (W.D. Wis. Dec. 9, 2013). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with

unrelated Claim B against Defendant 2." *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). *See also*, *Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008). "Moreover, the fact that Claim A shares two out of twenty defendants in common with unrelated Claim B and its ten defendants, does not mean that Claim A and Claim B are appropriately united in a single action."

Here, Plaintiff alleges claims against a number of Defendants occurring over a period of two or more years. These claims do not involve a single transaction or occurrence and cannot proceed in one action. "A litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot. Joinder that requires the inclusion of extra parties is limited to claims arising from the same transaction or series of related transactions." *Wheeler v. Wexford Health Sources, Inc*., 689 F.3d 680, 683 (7th Cir. 2012). If Plaintiff wishes to proceed in the various claims against these Defendants, she must file separate actions with responsibility for the attendant filing fees. …" *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011).

There is the additional issue that Plaintiff filed her complaint on September 18, 2020, alleging misconduct which occurred at different times from 2018 onward. This results in an unduly vague pleading as Plaintiff does not identify any time frames for the alleged infractions. In addition, there are potential statute of limitations concerns. Claims brought under § 1983 are generally governed by a two-year statute of limitations. *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). *See also*, *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court.") The statute of limitations, however, will be tolled during the time the

plaintiff seeks to exhaust administrative remedies. *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001). As a result, any claims filed after the two-year statutory period, but while the grievance process was underway, may still be found timely.

Plaintiff will be given an opportunity to amend. She is not, however, to replead unrelated claims against unrelated individuals in one complaint. *Davis*, 2013 WL 6441027, at *2. If Plaintiff repleads, she is to identify to the best of her ability, the dates or general time frames of the alleged violations.

**IT IS THEREFORE ORDERED:**

1.   Plaintiff's complaint is dismissed for the reasons identified and the failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to replead. The pleading is to be captioned Amended Complaint and is not to include unrelated claims against unrelated individuals. The failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

2.   Plaintiff's motion for recruitment of pro bono counsel [ECF 3] is DENIED, with leave to reassert if she files an amended complaint.

 2/2/2021  
ENTERED

_____s/Joe Billy McDade_____  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE